[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14965
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00250-SCB-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD MANNS SEAMAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2020)

Before MARTIN, ROSENBAUM and LAGOA, Circuit Judges.

PER CURIAM:

Ronald Seaman ("Seaman") appeals from his sentence for production of child

pornography and argues that his sentence is substantively unreasonable. The

Government moves to dismiss the appeal because Seaman knowingly and

voluntarily waived his right to appeal his sentence.  For the reasons discussed below,

we grant the Government's motion to dismiss.

Seaman entered into a plea agreement and as part of that agreement, agreed to

the following appeal waiver:

> The defendant … expressly waives the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis in original).  Seaman also agreed that he was entering into the

agreement and pleading guilty freely and voluntarily, that he understood the

charged offenses, the potential penalties, and the rights he was giving up by

pleading guilty.  Seaman also confirmed that he had read the plea agreement

and that he fully understood its terms.

In reviewing the sentence-appeal waiver, the magistrate judge confirmed

and established Seaman's understanding of the waiver:

> THE COURT:  Turning back to your plea agreement . . . there's a paragraph on [page 19] that's paragraph 7, and the title of that paragraph is Defendant's Wavier of Right to Appeal the Sentence, and

2

by this paragraph in your plea agreement you can only appeal under certain circumstances, so you are giving up your right to appeal unless one of four specific circumstances occur, so I'm going to go over those four with you now.  The first is … if Judge Bucklew gives you a sentence that exceeds the applicable guidelines range that she has determined then you can still appeal.  The second circumstance is … if Judge Bucklew gives you a sentence that exceeds the statutory maximum penalty, and we already went over … that the maximum is looks like 30 years, then if she gives you a sentence that's longer than that then you would still be able to appeal.  Third is the ground that your sentence violates the Eighth Amendment to the Constitution.  That's the amendment that prohibits cruel and unusual punishment.  So if she give you a sentence that violates that amendment you can still appeal.  And then last, … if the Government decides that it is going to appeal your sentence then you are released from this waiver and you can also appeal.  So do you understand then that by this section of your plea agreement you are giving up your right to appeal unless one of these four circumstances occurs?

THE DEFENDANT:  Yes.

Because it is undisputed that the only four exceptions to the appeal waiver do not apply here, the Government's motion to dismiss this appeal is GRANTED. *See United States v. Lewis*, 928 F. 3d 980 (11th Cir. 2019) (dismissing challenge to substantive unreasonableness of sentence based on valid sentence-appeal waiver); *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily).